UNITED STATES DISCRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **THEDRICK EDWARDS** | **CIVIL ACTION** |
| **VERSUS** | |
| **BURL CAIN, ET AL.** | **NO.:15-00305-BAJ-RLB** |

## RULING AND ORDER

Before this Court is the United States Magistrate Judge's **Report and Recommendation (Doc. 16)** pursuant to 28 U.S.C. § 636(b)(1). The Report and Recommendation addresses Petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254, which seeks to overturn his conviction for five counts of armed robbery, one count of aggravated rape, and two counts of aggravated kidnapping. (*Id.* at p. 2) Petitioner raised the following grounds for relief in his original petition (Doc. 1) and supplemental petition (Doc. 13): (1) violation of the Confrontation Clause; (2) violation of his right to an impartial jury, (3) failure to receive a *Miranda* warning, and (4) violation of due process. The Magistrate judge recommended that all of Petitioner's claims be dismissed with prejudice.

The Report and Recommendation notified the parties that, pursuant to 28 U.S.C. § 636(b)(1), they had fourteen (14) days from the date they received the Report and Recommendation to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein (Doc. 16 at p. 1). Plaintiff timely

filed an objection to the Report and Recommendation, after the Court granted an extension of time to file objections. (*See* Doc. 18; Doc. 19).

Regarding the alleged confrontation clause violation, the Court agrees with the Magistrate Judge that Petitioner's inability to cross examine the individual who analyzed the technician who examined the victim's rape kit failed to establish a Confrontation Clause violation and that, regardless, any violation was harmless because of the many sources of evidence establishing that the victim was raped. Specifically, Petitioner fails to rebut the Magistrate Judge's harmless error analysis. The Court further agrees with the Magistrate Judge's determination that no plea deal had been reached between witness Jacquin James and the prosecutors at the time he testified. (Doc. 16 at pp. 8–9). Petitioner disagrees with the Magistrate Judge's conclusion (Doc. 19 at p. 3); however, the Court agrees that the letter between the prosecutor and the witness's lawyer filed into the record is consistent with his testimony at trial and does not establish a secret agreement to avoid a duty to disclose such a deal to Petitioner. (*See* Doc. 31-1 at p. 1).

Petitioner next objects to the Magistrate Judge's determination that his right to an impartial jury was not violated. Petitioner claims that his *Batson* challenge to the racial composition of the jury should not be dismissed because the State used 70% of its peremptory challenges to exclude African American jurors. Petitioner argues that although the Magistrate Judge noted that although "there is nothing in the record to suggest the reasons for the exclusions were pre-textual," the Court should allow the *Batson* challenge to proceed because "the . . . data speaks for itself."

However, the United States Court of Appeals for the Fifth Circuit has recently reaffirmed the strong deference given to the factual findings of state courts. *See Chamberlin v. Fisher*, 885 F.3d 832, 840 (5th Cir. 2018) (en banc). Petitioner's reliance on "bare statistics" cannot overcome the state court's determination that he failed to establish that any jurors were excluded on the basis of race.

Petitioner claims that the police used trickery to coerce him into a confession and refused to provide him with an attorney. Yet the state trial court found that the officers testified credibly that Petitioner had never requested an attorney after being advised of his rights. The Court agrees with the Magistrate Judge that Petitioner "has not carried his burden to rebut the presumption of correctness of the trial court's factual findings by clear and convincing evidence." (Doc. 16 at p. 17).

Finally, Petitioner has provided no convincing objection to the Magistrate Judge's finding that a few statements by the prosecutor in closing arguments vouching for the character of one witness because he was a chaplain did not amount to a Due Process violation. (Doc. 19 at pp. 10–11). The fact that two jurors voted to acquit does not change the analysis. (*Id.* at p. 11).

Having carefully considered the underlying complaint, the instant motion, and related filings, the Court approves the Magistrate Judge's Report and Recommendation, and hereby adopts its findings of fact, conclusions of law, and recommendation.

Accordingly,

3

**IT IS SO ORDERED** that the **Magistrate Judge's Report and Recommendation (Doc. 16)** is **ADOPTED** as the Court's opinion herein.

**IT IS FURTHER ORDERED** that Plaintiff's Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED WITH PREJUDICE**.

Baton Rouge, Louisiana, this 13th day of September, 2018.

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**